## Case No. 6,715.

### In re HOTCHKISS.

[7 Ben. 235;[1] 9 N. B. R. 488.]

District Court, S. D. New York. March, 1874.

#### LEASE—JOINT OCCUPANCY—SUBROGATION.

Premises were leased to four persons jointly, for the purposes named in the lease, viz., the first floor for the tailoring business, and the residue for a first-class hotel. The four covenanted jointly to pay the rent, and the lease provided that, if any part of the rent should remain unpaid, the lessor could re-enter and dispossess the lessees from the whole premises. By a sub-agreement between the four, it was agreed that three of them should have the exclusive use of the first floor, and that the other, H., should have the exclusive use of the rest of the premises, each of them to pay certain specified parts of the rent, and perform the covenants of the lease as far as related to the several portions of the premises occupied by each. The interest of the three subsequently became vested in B. H. not paying the share of the rent which he had thus agreed to pay, B. paid part of it. H. was put into bankruptcy, and a trustee was appointed. B. applied to the court for an order that the trustee should deliver up all the premises to B., unless he paid the arrears of rent which should have been paid by H.: Held, that B. was not entitled to the exclusive possession of the premises in question until the arrears of rent should be paid by the trustee, but was entitled to as full a use of them as the trustee until such payment should be made.

[This was a petition by a tenant in common against the trustee in bankruptcy of his cotenant, Elias Hotchkiss, that the trustee pay all arrearages of rent for which the bankrupt was liable, or surrender the premises.]

F. N. Bangs, for Braisted.
J. E. Ludden, for the trustee.

BLATCHFORD, District Judge. By the lease from King, to the four, of the whole premises, the four had a joint right to the use and occupation of each and every part of the premises for the purposes set forth in the lease, that is, the first floor for the merchant tailoring business, and the residue for the purpose of a first-class hotel. By the lease, if any part of the rent should remain unpaid on the day of payment, the lessor could re-enter and dispossess the lessees from the whole premises. By the lease, the four covenanted jointly with the lessor to pay the entire rent on the prescribed days.

By the sub-agreement between the four, Hotchkiss, of the one part, covenanted with the other three, of the other part, and they with him, in consideration of the mutual agreements between the firm, contained in the sub-agreement, that the first floor and the vault in front thereof, with right of access to said vault, should be exclusively used, during the term, by the three, and for which they should bear a specified aliquot part of the rent reserved by the lease, and that the residue of the premises should be exclusively used, during the term, by Hotchkiss, and for which he should bear the entire residue of the rent reserved by the lease, such rent to be paid to the lessor. The lease provided that the lessees should pay the Croton water rent. The sub-agreement provided that Hotchkiss should pay that. As to the other covenants in the lease, the sub-agreement provided that the three should perform all such covenants in respect to the first floor, and that Hotchkiss should perform all such covenants in respect to the entire residue of the premises.

Braisted, one of the four, represents, by assignment, all the rights in the lease and the sub-agreements which are not represented by Hotchkiss, the bankrupt, or by

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

his trustee in bankruptcy. On the 1st of November, 1873, $1,875 of rent became due under the lease. Under the sub-agreement Hotchkiss was to pay to the lessor, as his share of this, $1,187 50. He did not pay it. Braisted, besides paying his share of the $1,875, paid $500 of the $1,187 50. For the residue, $687 50, Braisted remains liable to the lessor. The adjudication of bankruptcy was made December 4th, 1873. On the 1st of February, 1874, $1,875 more rent became due on the lease, for the rent for the three months next preceding. Of this amount, Braisted paid his share, but the trustee paid the proper share of Hotchkiss, according to the sub-agreement, only for the period from December 4th, 1873, to February 1st, 1874. Braisted remains liable for what was so not paid.

Braisted claims to be entitled to an order that the trustee, unless he pay such arrears of rent, deliver possession of the entire premises to Braisted. It is contended that Braisted, by paying a part of Hotchkiss' share, and being liable for the remainder, is subrogated to the rights of the lessor, and to the securities held by the lessor, one of which rights and securities, under the lease, was to dispossess the lessees for non-payment of any of the rent. The basis of the application of Braisted is the fact that the lessor has notified Braisted that he will take proceedings to dispossess Braisted and the trustee from the entire premises unless the arrears of rent shall be paid.

If no sub-agreement had been made, Hotchkiss would have had, under the lease, no right to the exclusive use of any part of the premises as against the other three, and no right to exclude any one of the three from a joint use with himself of every part of the premises. The good sense of the sub-agreement, in its provisions for the exclusive use by Hotchkiss of a specified part of the premises, and for the exclusive use of the residue by the other three, is, that, in view of the rights of the lessees under the lease. with respect to each other, such rights are modified by the said provisions of the sub-agreement, only to the extent of declaring that the exclusive use provided for shall be dependent upon the payment of the specified share of rent named in respect of such exclusive use. The words of the sub-agreement are "for which"—that is, for the exclusive use, by Hotchkiss, of the specified part of the premises—he is to pay the specified part of the rent. He is not to have such exclusive use, as against the other three, unless he pays the specified part of the rent. He and the trustee have failed so to pay. Therefore, Braisted is entitled to as full a use of the hotel part of the premises, as the trustee, until the trustee shall pay in full what, by the sub-agreement, Hotchkiss was to pay in order to enjoy, as against

the other three, the exclusive use of such hotel part. To this extent the application of Braisted must be granted. But I do not think he is entitled to the exclusive possession of the entire premises until the trustee shall pay the arrears of rent. Under the lease the lessor could not dispossess one without dispossessing all. To dispossess one and leave the others in possession would be, in effect, a new letting by the lessor. Therefore, exclusive possession now by Braisted, of the hotel part, would not be the result of the exercise of any right of dispossession by the lessor under the lease.